UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY PATRICK O'LAUGHLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20 CV 1597 MTS |
| ) | |
| JOHN DEAN SAUER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Self-represented plaintiff Timothy O'Laughlin brings this civil action under 28 U.S.C. § 1331, seeking resolution of cases pending in the Eighth Circuit Court of Appeals. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. Doc. [2]. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion but not assess an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4). Furthermore, for the reasons discussed herein, this case will be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In his signed and sworn motion, Plaintiff states that he is not employed and has received no money in the past twelve months. Doc. [2 at 1-2]. Plaintiff attests that he currently has 99 cents in his prison account, and that amount is confirmed by the non-certified inmate account statement that he filed. *Id.*; Doc. [3]. Based on this financial information, the Court will not assess an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff is currently housed at the U.S. Medical Center for federal prisoners in Rochester, Minnesota. Doc. [1 at 1]. He brings this civil action under 28 U.S.C. § 1331, naming one defendant: U.S. Attorney John Dean Sauer. *Id.* Plaintiff's brief 'Statement of claim' is as follows: "seek resolve for cases in the 8th Circuit Appeals." *Id.* at 3. Elsewhere in his complaint, Plaintiff describes this action as seeking a "judicial remedy only [in] 8th Circuit Appeals Case Nos: 18-2473, 18-3543, 18-3749, 19-1565." *Id.* at 2. However, he also checks the line claiming that the action involves medical treatment. *Id.* For relief, Plaintiff seeks 85 million dollars. *Id.*

## Background

In order to understand Plaintiff's complaint, a review of court records is required. Plaintiff was charged in this Court in May 2012 with two counts of interstate stalking and one count of interstate threatening communication. *U.S. v. O'Laughlin*, No. 4:12-cr-181-CDP-1 (E.D. Mo. filed May 2, 2012). However, a few years later, Plaintiff was ordered committed due to mental disease or defect under 18 U.S.C. § 4246, by the United States District Court for the Western District of Missouri. *U.S. v. O'Laughlin*, No. 6:15-cv-3419-BP, Doc. [18] (W.D. Mo. issued Sept. 19, 2016). As of this date, Plaintiff's criminal case in this Court remains open and he remains committed

because assessments have determined that he is incompetent to proceed in his criminal matter, but that his release would create a substantial risk of bodily injury to others. On January 29, 2021, the Honorable Catherine D. Perry issued an Order in Plaintiff's criminal matter directing the government to show cause as to why the case should not be dismissed without prejudice. *O'Laughlin*, No. 4:12-cr-181-CDP-1, Doc. [201]. The U.S. Attorney who handled Plaintiff's criminal case from 2012 to early 2013 was Dean J. Sauer.

### Plaintiff's Eighth Circuit Cases

In July 2018, Plaintiff appealed an order in his Western District of Missouri civil commitment case that denied his *pro se* motions for hearings to petition for release. *O'Laughlin*, No. 6:15-cv-3419-BP, Doc. [49]. The Eighth Circuit assigned the matter Appeal No. 18-2473. *Id.* at Doc. [51]. In August 2019, the appellate court affirmed the district court's judgment. *Id.* at Doc. [60]. Plaintiff filed a writ of certiorari with the United States Supreme Court, which was denied in March 2020. *Id.* at Doc. [63].

In August 2018, Plaintiff filed a petition seeking habeas corpus relief under 28 U.S.C. § 2241, in the United States District Court for the Western District of Missouri. *O'Laughlin v. Smith*, No. 6:18-cv-3237-BP (W.D. Mo. filed Aug. 2, 2018). The petition was dismissed on December 17, 2018. *Id.* at Doc. [15]. Plaintiff appealed the dismissal to the Eighth Circuit Court of Appeals, where it was assigned Appeal No. 18-3749. *Id.* at Doc. [20]. The Eighth Circuit affirmed the district court's judgment in May 2019. *Id.* at Doc. [22].

In September 2018, Plaintiff brought a civil action in this Court under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§12101-12111, against a prior employer, alleging discrimination in violation of the ADA when his employment was terminated due to perceived mental disabilities. *O'Laughlin v. Boeing Co.*, No. 4:18-cv-1552-NCC (E.D. Mo. filed Sept. 14, 2018). The Court dismissed the case for failure to timely exhaust administrative remedies under

the ADA on November 2, 2018. *Id.* at Doc. [10]. Plaintiff appealed the dismissal to the Eighth Circuit Court of Appeals, where it was assigned Appeal No. 18-3543. *Id.* at Doc. [17]. The Eighth Circuit affirmed the district court's judgment in May 2019. *Id.* at Doc. [25]. Finally, the district court denied Plaintiff's motion to reconsider in January 2021. *Id.* at Doc. [28].

In February 2019, Plaintiff filed a civil rights action in this Court under 42 U.S.C. § 1983, alleging the St. Louis County, Missouri prosecutor violated his constitutional rights. *O'Laughlin v. Bert*, No. 4:19-cv-204-JMB (E.D. Mo. filed Feb. 7, 2019). The Court dismissed the case pursuant to 28 U.S.C. § 1915(e)(2)(B) because it was untimely and was brought against a defendant who was absolutely immune from suit. *Id.* at Doc. [5]. Plaintiff appealed the dismissal to the Eighth Circuit Court of Appeals, where it was assigned Appeal No. 19-1565. *Id.* at Doc. [11]. The Eighth Circuit affirmed the district court's judgment in August 2019. *Id.* at Doc. [18].

## Discussion

Plaintiff's complaint fails to state a claim on which relief may be granted and it seeks monetary relief from a defendant who is immune from such relief. Therefore, this Court must dismiss this matter under 28 U.S.C. § 1915(e)(2)(B).

Plaintiff brings this civil action on a form "Complaint Pursuant to 28 U.S.C. § 1331." Under this statute, district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, assuming this Court has jurisdiction under this statute, Plaintiff fails to raise a valid claim under the Constitution, laws, or treaties of the United States.

Plaintiff's complaint seeks resolution of four cases which he appealed to the United States Eighth Circuit Court of Appeals. However, as discussed above, the appeals in all four cases have been ruled on by the Eighth Circuit Court. There are no issues that still need to be resolved in those matters and even if there were, this district court would have no authority over cases pending

with the appellate court.  As such, Plaintiff's complaint seeking resolution of Eighth Circuit cases that have already been decided, fails to state a claim upon which relief may be granted.

Finally, the named defendant, John Dean Sauer – presumably the U.S. Attorney who originally handled Plaintiff's criminal case in 2012, Dean J. Sauer – is immune from suit.  Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case, even when vindictive prosecution is alleged.  *Imbler v. Pachtman*, 424 U.S. 409, 427-31 (1976) (prosecutors are absolutely immune from § 1983 claims for damages when civil rights violations are alleged based on actions taken by prosecutor while initiating and pursuing a criminal prosecution); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"); *Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987) (prosecutorial immunity extends even to allegations of vindictive prosecution) (abrogated on other grounds).

Therefore, because Plaintiff's complaint fails to state a claim and seeks relief from a defendant immune from suit, this case is dismissed under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* Doc. [2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**, without prejudice, for failure to state a claim and for seeking relief from a defendant who is immune.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that to the extent Plaintiff's letter to the Clerk of Court filed January 25, 2021 Doc. [4] seeks relief from this Court, such relief is **DENIED**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 10th day of February, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE